This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38346**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**FRANK C.,**

      Respondent-Appellant,

and

**MARLENE G.,**

      Respondent,

**IN THE MATTER OF FRANK C.-C.,
HEAVEN C.-C., and MADALYNE G.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Allen R. Smith, District Judge**

Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Robert Retherford, Children's Court Attorney
Santa Fe, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Nicoleta Spilca
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**     Frank C. (Father) appeals the termination of his parental rights to his daughter, Heaven C.-C., and son, Frank C.-C. (collectively, Children). Father advances two arguments: (1) his procedural due process rights were violated based on a failure to provide him with notice regarding the termination of parental rights (TPR) trial and a failure to establish he waived his right to appear, and (2) insufficient evidence supported termination of Father's parental rights. We reverse.

**BACKGROUND**

**{2}**     Father and Marlene G. (Mother) are the parents of Children. In April 2017, the Children, Youth & Families Department (CYFD) filed a petition alleging abuse and neglect by Father and Mother. The district court held an adjudicatory hearing as to Father in June 2017. Father pleaded no contest to neglect, pursuant to NMSA 1978, Section 32A-4-2(F)(2), (4) (2016, amended 2018).

**{3}**     In July 2018, CYFD moved to terminate Father's parental rights, pursuant to NMSA 1978, Section 32A-4-28(B)(2) (2005). A trial on this motion was initially set for November 2018, but was vacated and reset for January 2019. Two days before the trial was set, CYFD moved to vacate the January 2019 trial. A hearing was held on the motion, which evolved into a judicial review and permanency hearing. Father had notice of this hearing but was not present.

**{4}**     The TPR trial was held in April 2019, and Father was again not present. His counsel stated she had last spoken to him in January 2019, before the April 2019 TPR trial was set, and that the certified letter informing him of the January 2019 hearing had been returned to her office. Based on that, Father's counsel moved to continue the trial, which CYFD opposed. Father's Permanency Planning Worker (PPW) stated that she was in contact with Father weekly, and she had reminded him of the proceedings, but she was unable to show the district court any of their text communications because her phone was damaged. The district court found Father had notice of the TPR and denied his counsel's motion to continue. After the trial, the district court issued a judgment terminating Father's parental rights to Children. Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of specific facts where necessary to our analysis.

**DISCUSSION**

**{5}** Father first argues his due process rights were violated, specifically that he was not given sufficient notice of the TPR setting and that even if he was given such notice, he did not validly waive his right to contest termination. "Whether an individual was afforded due process is a question of law that we review de novo." *State ex rel. Child., Youth & Fams. Dep't v. Rosalia M.*, 2017-NMCA-085, ¶ 8, 406 P.3d 972 (alteration, internal quotation marks, and citation omitted).

**{6}** Because parents have a "fundamental liberty interest in the right to custody of [their] child," they "have a due process right to meaningfully participate in a hearing for the termination of their parental rights." *State ex rel. Child., Youth & Fams. Dep't v. Christopher B.*, 2014-NMCA-016, ¶ 6, 316 P.3d 918. "The essence of due process is notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶ 26, 136 N.M. 53, 94 P.3d 796 (internal quotation marks and citation omitted). Actions to terminate parental rights "must be conducted with scrupulous fairness" to comply with due process requirements. *Darla D. v. Grace R.*, 2016-NMCA-093, ¶ 11, 382 P.3d 1000 (internal quotation marks and citation omitted). These due process rights include "the right to review the evidence presented by CYFD, to consult with [their] attorney, and to present evidence in person or by telephone or deposition." *State ex rel. Child., Youth & Fams. Dep't v. Rosa R.*, 1999-NMCA-141, ¶ 11, 128 N.M. 304, 992 P.2d 317. We also recognize that "due process is a flexible right[,]" and "[t]he amount of process due depends on the particular circumstances of each case." *State ex rel. Child., Youth & Fams. Dep't v. Pamela R.D.G.*, 2006-NMSC-019, ¶ 12, 139 N.M. 459, 134 P.3d 746.

**{7}** "To evaluate the due process owed to a parent in termination proceedings, we use the balancing test in *Mathews v. Eldridge*, 424 U.S. 319 . . . (1976)." *Rosalia M.*, 2017-NMCA-085, ¶ 9. Three factors are weighed under that test: "the parent's interest; the risk to the parent of an erroneous deprivation through the procedures used in light of the probable value, if any, of additional or substitute procedural safeguards; and the government's interest." *Id.* Because a parent's fundamental interest in the parent-child relationship and the state's interest in protecting the welfare of children balance equally, the second *Mathews*' factor is dispositive. *State ex rel. Child., Youth & Fams. Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 20, 133 N.M. 827, 70 P.3d 1266. "Our conclusion does not depend on a showing that [the parent] would have been successful if [he or she] had been provided with the additional procedures [he or she] alleges should have been provided; rather, [the parent] need only show that there is a reasonable likelihood that the outcome might have been different." *State ex rel. Child., Youth & Fams. Dep't v. Browind C.*, 2007-NMCA-023, ¶ 31, 141 N.M. 166, 152 P.3d 153 (emphasis, internal quotation marks, and citation omitted).

**{8}** Based on our review, evidence that Father was on notice of the April 2019 TPR setting is equivocal. At trial, his counsel admitted she had not spoken to him in three months, and, most notably, not since the TPR setting was changed to April. His counsel spoke mainly of her attempts to give him notice about the January 2019 setting, and her only attempt to contact Father about the April 2019 trial was once in March. The only other evidence that Father had notice was his PPW's statement that she had

communicated with Father via text messages and reminded him of the TPR setting, but she was unable to show these texts to the district court.

{9}     Even if we were to assume that the PPW's statement that she had given Father notice of the April TPR setting via text messages sent a few weeks before the rescheduled TPR is sufficient evidence that Father had notice, we are not willing to further assume Father waived his right to contest the termination in this case. *See State ex rel. Child., Youth & Fams. Dep't v. Stella P.*, 1999-NMCA-100, ¶ 21, 127 N.M. 699, 986 P.2d 495. Although his counsel requested that if her motion for a continuance was denied that Father's appearance be waived, "[m]inimum consideration of due process requires the [district] court to inquire explicitly and on the record as to whether [Father] validly intended to waive [his] right to contest the termination." *See Rosa R.*, 1999-NMCA-141, ¶ 12 (internal quotation marks and citation omitted). It is apparent on the record before us that no such inquiry was made nor was adequate explanation provided for Father's counsel's request that his appearance be waived.

{10}     The district court's question regarding CYFD's contact with Father was not an inquiry into Father's intent to waive his right, and as such was not sufficient. *See id.* ¶¶ 10, 12 (holding the district court's sole question to the mother's counsel about his last contact with his client was not sufficient to waive her due process right to contest the termination). The explanation provided by Father's counsel that he was not attending because of his depression and anger was directed toward Father's failure to appear at the January hearing and thus inapplicable as a basis to find waiver of his rights in the April 2019 trial, after which his parental rights were terminated. No evidence was presented that Father did not intend to appear at that specific proceeding. The district court's only other question was whether Father's counsel had any reason to contest that the PPW gave notice to Father about the hearing, a question not directed toward whether Father intended to waive his rights. If the parties were not prepared to address the issue of Father's waiver of his right to contest the termination, the district court should have ordered a brief continuance to allow for further investigation or to allow for development of evidence as to whether it was Father's intent to waive his right. *See id.* ¶ 12 (explaining that when it was unclear if the mother waived her right to contest the termination, that the district court should have ordered a brief continuance). Without any inquiry into whether it was proper to infer from his absence that Father voluntarily and unequivocally intended to waive his right to contest the proceeding, we conclude that Father faced an unacceptably high risk of erroneous deprivation of his fundamental rights.

{11}     CYFD contends that this case is similar to the facts in *Mafin M.*, and therefore we should conclude that Father's right to contest termination of his parental rights was waived under the circumstances present here. We disagree. In *Mafin M.*, this Court had previously determined that it was improper for the district court to presume upon the mother's absence and counsels' inconclusive statements that the mother acquiesced in the loss of her fundamental rights. 2003-NMSC-015, ¶ 15. Our Supreme Court held that the district court did not, however, presume that the mother waived her parental rights because no such presumption was necessary: rather, the mother's opposition to the termination of her parental rights was known throughout the proceedings, and her

opposition to the termination had been sufficiently litigated. *Id.* ¶ 16. Thus the mother's parental rights were terminated, in spite of her absence, only after CYFD met its standard of proof. *Id.* In this case, by contrast, it was unknown to the parties or even Father's counsel if he opposed the termination of his rights based on Father's limited contact with CYFD and lack of contact with his counsel. Additionally, Father's counsel expressly stated, "I really have no good argument to make at this time," demonstrating her inability to defend Father's rights without his participation.

**{12}** Because we reverse and remand this case on the basis of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, we need not consider Father's other claims regarding the sufficiency of the evidence presented to terminate his parental rights.

**CONCLUSION**

**{13}** We vacate the finding that Father waived his right to contest termination of his parental rights and remand for proceedings consistent with this opinion.

**{14}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**